[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13100

_____

D.C. Docket No. 1:13-cv-23182-DPG

FLO & EDDIE, INC., a California corporation,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

versus

SIRIUS XM RADIO, INC., a Delaware corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 5, 2018)

Before ANDERSON and HULL, Circuit Judges, and ROTHSTEIN,[*] District
Judge.

PER CURIAM:

---

[*] Honorable Barbara J. Rothstein, United States District Judge for the District of
Columbia, sitting by designation.

This case returns to us after our certification of four questions to the Supreme Court of Florida regarding whether and to what extent Florida common law provides a copyright in pre-1972 sound recordings. For background, we refer the reader to our previous opinion in this case, Flo & Eddie, Inc. v. Sirius XM Radio, Inc., 827 F.3d 1016 (11th Cir. 2016). In that opinion, we certified the following questions to the Supreme Court of Florida:

> 1.    Whether Florida recognizes a common law copyright in sound recordings and, if so, whether that copyright includes the exclusive right of reproduction and/or the exclusive right of public performance?
>
> 2.    To the extent that Florida recognizes a common law copyright in sound recordings, whether the sale and distribution of phonorecords to the public or the public performance thereof constitutes a "publication" for the purpose of divesting the common law copyright protections in sound recordings embedded in the phonorecord and, if so whether the divestment terminates either or both of the exclusive right of public performance and the exclusive right of reproduction?
>
> 3.    To the extent that Florida recognizes a common law copyright including a right of exclusive reproduction in sound recordings, whether Sirius's back-up or buffer copies infringe Flo & Eddie's common law copyright exclusive right of reproduction?
>
> 4.    To the extent that Florida does not recognize a common law copyright in sound recordings, or to the extent that such a copyright was terminated by publication, whether Flo & Eddie nevertheless has a cause of action for common law unfair competition / misappropriation, common law conversion, or statutory civil theft under Fla. Stat. § 772.11 and Fla. Stat. § 812.014?

Id. at 1025. The Supreme Court of Florida combined and rephrased the first two questions as follows:

2

Does Florida common law recognize the exclusive right of public performance in pre-1972 sound recordings?

Flo & Eddie, Inc. v. Sirius XM Radio, Inc., --- So. 3d ---, No. SC16-1161, 2017 WL 4837765, at *4 (Fla. Oct. 26, 2017). After answering this question in the negative, the court briefly addressed the other two questions.

The Supreme Court of Florida concluded that Florida common law does not recognize an exclusive right of public performance in pre-1972 sound recordings. Based on the lack of Florida case law establishing this right, the court found that creating an exclusive right of public performance in sound recordings "would be an inherently legislative task." Id. at *8. The court also found that even if Florida recognized such a right, Flo & Eddie would have lost the right by selling their sound recordings to the public during the time when Fla. Stat. § 543.02 (repealed 1977) was in force. Flo & Eddie, Inc., 2017 WL 4837765, at *11. Finally, the court noted that the New York Court of Appeals recently reached the same conclusion regarding New York common law in Flo & Eddie's parallel case in that court. Id. Because Florida common law does not recognize an exclusive right of public performance in pre-1972 sound recordings, Flo & Eddie's claim that Sirius infringed on this right by making unauthorized public performances of Flo & Eddie's recordings over the internet and through its satellites must fail.

The Supreme Court of Florida likewise foreclosed Flo & Eddie's claim that Sirius infringed on its exclusive right of reproduction by creating back-up or buffer

3

copies of Flo & Eddie's recordings on its servers and satellites. The court held that even if Florida common law recognized an exclusive right of reproduction in pre-1972 sound recordings, Sirius did not infringe on that right by creating back-up or buffer copies for internal use. Id. at *12. Thus, the district court properly granted summary judgment in favor of Sirius on both of Flo & Eddie's copyright claims.

Lastly, the Supreme Court of Florida concluded that Flo & Eddie's claims for unfair competition and misappropriation, common law conversion, and statutory civil theft are based on its alleged common law copyright. Id. Because Flo & Eddie's copyright claims must fail, the court instructed that Flo & Eddie's other claims are without merit. Accordingly, we affirm the judgment of the district court.[1]

AFFIRMED.

---

[1] Because Florida common law does not recognize an exclusive right of public performance in sound recordings and Sirius did not violate any alleged exclusive right of reproduction in sound recordings, we need not address Sirius's alternative argument that the rights Flo & Eddie assert violate the Dormant Commerce Clause.